UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Boston Division
Civil Action No.: 1:14-cv-13710

| | |
|---|---|
| ADDISON AUTOMATICS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THE NETHERLANDS INSURANCE COMPANY, EXCELSIOR INSURANCE COMPANY, PRECISION ELECTRONIC GLASS, INC., and PHILLIP ROSSI, | ) ) ) ) ) |
| Defendants. | ) ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441, 1446, and 1453, Defendants The Netherlands Insurance Company and Excelsior Insurance Company, hereby remove this action from the Superior Court of Massachusetts, Suffolk County, to the United States District Court for the District of Massachusetts.

## STATEMENT OF GROUNDS FOR REMOVAL

1. Addison Automatics, Inc. ("Addison") has filed an action against The Netherlands Insurance Company ("Netherlands"), Excelsior Insurance Company ("Excelsior"), Precision Electronic Glass, Inc. ("PEG"), and Philip Rossi in the Superior Court of Massachusetts, Suffolk County, captioned <u>Addison Automatics, Inc. v. The Netherlands Insurance Company, Excelsior Insurance Company, Precision Electronic Glass, Inc., and Philip Rossi</u>, SUCV2011-04042 (hereinafter the "Massachusetts Coverage Action"), the complaint from which is attached as Ex. A, at pp. 011-038.

1

2. Addison's complaint in the Massachusetts Coverage Action seeks, *inter alia*, a declaratory judgment concerning obligations, if any, of Netherlands and Excelsior to provide defense and indemnity with respect to a $15,875,500 judgment in an underlying class action filed in the United States District Court for the Northern District of Illinois against Netherlands' and Excelsior's insured, PEG, which involved allegations that PEG had sent faxes in violation of the Telephone Consumer Protection Act ("TCPA"). See Addison's Underlying Complaint, attached as Ex. A, at pp. 021-038.

3. Although the complaint in the Massachusetts Coverage Action is styled as an individual action, a recent ruling by the Court confirms that it is, in fact, a class action under Mass. R. Civ. P. 23. Ex. A, at pp. 011-019.

4. In a ruling dated August 26, 2014, see Ex. B, at p. 050, the court denied Netherlands' and Excelsior's request for dismissal of the Massachusetts Coverage Action on the ground that Addison can satisfy the requirements of Rule 23 under the Massachusetts Appeals Court's recent decision of Hazel's Cup & Saucer, LLC v. Around the Globe Travel, Inc., 68 Mass. App. Ct. 164 (Aug. 22, 2014), which reversed a denial of a TCPA class certification by a lower court.

5. The Court's August 24, 2014 ruling indicates that, contrary to Addison's pleading, it is indeed proceeding on a class basis since Rule 23 treatment is contemplated. The Massachusetts Coverage Action, accordingly, is eligible for removal under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d).

6. Diversity exists as the plaintiff, Addison, is an Illinois corporation, defendants Netherlands and Excelsior are organized under the laws of New Hampshire

with principal places of business in Massachusetts, and defendant PEG is a New Jersey corporation.  Further, the amount in controversy in the Massachusetts Coverage Action, exclusive of interest and costs, exceeds the sum or value of $5,000,000.00 given the size of the underlying judgment for which Addison and its class seek coverage.

7. Therefore, this case satisfies the requirements for federal subject matter jurisdiction under the CAFA since this notice of removal is being filed within 30 days of the defendants' receipt of the August 26, 2014 order.  See <u>Walker v. Trailer Transit, Inc.</u>, 727 F. 3d 819, 824-26 (7th Cir. 2013) ("the 30–day clock [for removal] is triggered by pleadings, papers, and other litigation materials actually received by the defendant or filed with the state court during the course of litigation.").

8. The consent of defendant PEG is not required as this case is being removed pursuant to 28 U.S.C. §1453.

|  |  |
|---|---|
|  | For the Defendants,<br>Excelsior Insurance Company and<br>The Netherlands Insurance Company,<br>By Their Attorneys, |
| Date:  September 25, 2014 | /s/ Ryan B. MacDonald<br>Myles W. McDonough, BBO# 547211<br>Ryan B. MacDonald, BBO# 683131<br>Sloane & Walsh, LLP<br>Three Center Plaza, 8th Floor<br>Boston, Massachusetts 02108<br>Tel:  617-523-6010 |

882456.1

## **CERTIFICATE OF SERVICE**

      I, Ryan B. MacDonald, counsel for the defendants, The Netherlands Insurance Company and Excelsior Insurance Company, do hereby certify that on this 25th day of September 2014, I caused to be served a true copy of the foregoing upon all parties by first class mail, postage prepaid, to counsel of record:

Lane M. Goldberg, Esq.
Goldberg Law
15 Cottage Avenue, 4th Floor
Quincy, MA 02169

Alan L. Cantor, Esq.
Swartz & Swartz
10 Marshall Street
Boston, MA 02108

Jeffrey Berman, Esq.
Anderson & Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Frederick A. Jacob, Esq.
Jacob & Chiarello, LLC
600 West Main Street
P.O. Box 429
Millville, NJ 08332

                                            /s/ Ryan B. MacDonald
                                            Ryan B. MacDonald