Exhibit A

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION



No. 11-4042-B

Addison Automatics, Inc. _____ , Plaintiff(s)

v.

The Netherlands Insurance Company,
Excelsior Insurance Company, Precision
Electronic Glass, Inc. and Philip Rossi _____ , Defendant(s)

## SUMMONS

To the above-named Defendant:   Excelsior Insurance Company

You are hereby summoned and required to serve upon Alan L. Cantor, _____
Swartz & Swartz, P.C. _____

plaintiff's attorney, whose address is 10 Marshall St., Boston, MA 02108 ___ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____29th_____ day of
November _____ , in the year of our Lord two thousand __and eleven__ .

*Michael Joseph Donovan*

Clerk/Magistrate

<div style="writing-mode: vertical">
NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.
</div>

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
  (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 8/09

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____ 2011-4042-B

Addison Automatics, Inc.
_____, Plff(s).

v.

The Netherlands Insurance Company,   · et , Deft(s).

SUMMONS

(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

, 20  .

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

---

**Suffolk County Sheriff's Department • 132 Portland Street, Boston, MA 02114 • (617) 704-6999**

*Suffolk, ss.*

December 13, 2011

I hereby certify and return that on 12/5/2011 at 12:25PM I served a true and
attested copy of the Summons, Complaint and Exhibits in this action in the
following manner: To wit, by delivering in hand to Stephanie Finckea,Paralegal,
agent and person in charge at the time of service for Excelsior Insurance Company,
at , 175 Berkeley Street,   Boston, MA 02116. Basic Service Fee (IH) ($30.00),
Postage and Handling ($1.00), Attest/Copies ($5.00) Total Charges $36.00

Deputy Sheriff   Terrance Williams

*Deputy Sheriff*

11019741

# Commonwealth of Massachusetts



SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-4042-B

Addison Automatics, Inc. _____, Plaintiff(s)

v.

The Netherlands Insurance Company,
Excelsior Insurance Company, Precision
Electronic Glass, Inc. and Philip Rossi _____, Defendant(s)

## SUMMONS

To the above-named Defendant: The Netherlands Insurance Company

    You are hereby summoned and required to serve upon Alan L. Cantor _____

Swartz & Swartz, P.C. _____

plaintiff's attorney, whose address is 10 Marshall St., BOston, MA 02108 _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    Witness, Barbara J. Rouse, Esquire, at Boston, the 29th _____ day of November _____, in the year of our Lord two thousand and eleven _____

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 8/09

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**Suffolk County Sheriff's Department** · 132 Portland Street, Boston, MA 02114 · (617) 704-6999

*Suffolk, ss.*

December 13, 2011
I hereby certify and return that on 12/5/2011 at 12:25PM I served a true and
attested copy of the Summons, Complaint and Exhibits in this action in the
following manner: To wit, by delivering in hand to Stephanie Finclea,Paralegal,
agent and person in charge at the time of service for The Netherlands Insurance
Company, at , 175 Berkeley Street,  Boston, MA 02116. Basic Service Fee (IH)
($30.00), Travel ($1.00), Postage and Handling ($1.00), Attest/Copies ($5.00) Total
Charges $37.00

Deputy Sheriff   Terrance Williams

_____ Deputy Sheriff

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 20 . |
| --- |

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 2011-4042-B

Addison Automatics, Inc. , Plff(s).

v.

The Netherlands Insurance Company, et al. , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

11-049263

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-4042-B

Addison Automatics, Inc. _____, Plaintiff(s)

v.

The Netherlands Insurance Company,
Excelsior Insurance Company, Precision
Electronic Glass, Inc. and Philip Rossi _____, Defendant(s)

## SUMMONS

To the above-named Defendant:   Philip Rossi

You are hereby summoned and required to serve upon Alan L. Cantor, Swartz & Swartz, P.C.

plaintiff's attorney, whose address is 10 Marshall St., Boston, MA 02108 _____, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, ~~Xxxxxxxxx~~ Esquire, at Boston, the _____29th_____ day of _____November_____, in the year of our Lord two thousand _____and eleven_____.

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

FORM CIV.P. 1 3rd Rev. 30M 10/2000

# Cumberland County Sheriff's Office
## PROOF OF PROCESS SERVICE

Service # 2 of 2 Services
Date Received 12/12/2011
Docket #   114042B
Sheriff's #   **OS  1023209**

Plaintiff   ADDISON AUTOMATICS INC

Defendant  THE NETHERLANDS INSURANCE COMPANY ET AL.

SUPERIOR
MASSACHUSETTS
SUFFOLK

Person/Corporation to Serve
**PHILIP ROSSI**

Papers to Serve
SUMMONS
COMPLAINT WITH ATTACHMENTS

1013 HENDEE ROAD
VINELAND, NJ 08360

Alternate Address
OFFICER:  (1) MUST BE PERSONAL SERVICE OR SERVED ON AGENT AUTHORIZED TO ACCEPT CIVIL SERVICE (2

I, ROBERT A. AUSTINO, SHERIFF OF CUMBERLAND COUNTY DO HEREBY DEPUTIZE AND APPOINT
KYLE LEACH, A DULY SWORN OFFICER TO EXECUTE AND RETURN THE
DOCUMENTS ACCORDING TO LAW.

WITNESS BY HAND AND SEAL

*Robt. A. Austino*

ROBERT A. AUSTINO SHERIFF

Date of Service 12/12/2011        Defendant    PHILIP ROSSI
Time of Service 3:10 PM                          1013 HENDEE ROAD
Attempts                                          VINELAND, NJ 08360
                                                 Delivered To PHILIP ROSSI
                                                 Relationship   SELF

| Race | Sex | Height | Weight | Eyes | Hair | Age | Military |
|------|-----|--------|--------|------|------|-----|----------|
|      |     |        |        |      |      |     |          |

Manner of Service PERSONAL SERVICE AT PLACE OF BUSINESS

I, KYLE LEACH WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

*Kyle Leach*

KYLE LEACH

SWARTZ & SWARTZ
10 MARSHALL STREET

Sheriff Fees   $55.00

BOSTON  MA  02108

### PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December 12, 20 11 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

Personal Service on Philip Rossi, Owner of Precision Electric Glass Inc. at 1013 Hendee Road, Vineland, N.J.

Dated: December 12, 20 11          X Sheriff's officer Kyle Peach #0033

N.B.   TO PROCESS SERVER: –
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

Monday, December 12 , 2011.



**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 2011-4042-B

Addison Automatics, Inc. , Plff(s).

v.

The Netherlands Insurance Company, et al , Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

007

# Commonwealth of Massachusetts

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

SUFFOLK, ss.





DEC 12 2011

CUMBERLAND COUNTY SHERIFF'S DEPT.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-4042-B

Addison Automatics, Inc. , Plaintiff(s)

v.

The Netherlands Insurance Company,
Excelsior Insurance Company, Precision
Electronic Glass, Inc. and Philip Rossi , Defendant(s)

## SUMMONS

To the above-named Defendant: Precision Electronic Glass, Inc.

You are hereby summoned and required to serve upon Alan L. Cantor, Swartz & Swartz, P.C.

plaintiff's attorney, whose address is 10 Marshall St., Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 29th day of November , in the year of our Lord two thousand and eleven .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 8/09

# Cumberland County Sheriff's Office
## PROOF OF PROCESS SERVICE

Service #  1 of 2 Services

Date Received 12/12/2011

Docket #   114042B

Sheriff's #   **OS  1023209**

Plaintiff   ADDISON AUTOMATICS INC

Defendant  THE NETHERLANDS INSURANCE COMPANY ET AL.

SUPERIOR
MASSACHUSETTS
SUFFOLK

Person/Corporation to Serve
**PRECISION ELECTRIC GLASS INC**

Papers to Serve
SUMMONS
COMPLAINT WITH ATTACHMENTS

1013 HENDEE RD
VINELAND, NJ 08360

Alternate Address
OFFICER: (1) MUST SERVE AGENT AUTHORIZED TO ACCEPT CIVIL SERVICE (2) PLEASE SIGN AND COMPLETE A

I, ROBERT A. AUSTINO, SHERIFF OF CUMBERLAND COUNTY DO HEREBY DEPUTIZE AND APPOINT
KYLE LEACH, A DULY SWORN OFFICER TO EXECUTE AND RETURN THE
DOCUMENTS ACCORDING TO LAW.

WITNESS BY HAND AND SEAL

*Robert A. Austino*

ROBERT A. AUSTINO SHERIFF

Date of Service 12/12/2011
Time of Service 3:10 PM
Attempts

Defendant   PRECISION ELECTRIC GLASS INC
1013 HENDEE RD
VINELAND, NJ 08360

Delivered To PHILIP ROSSI

Relationship   OWNER

| Race | Sex | Height | Weight | Eyes | Hair | Age | Military |
|------|-----|--------|--------|------|------|-----|----------|

Manner of Service SERVED CORPORATION'S MANAGING AGENT AT PLACE OF BUSINESS

I, KYLE LEACH WAS ABLE TO SERVE THE WITHIN DOCUMENTS AND/OR A TRUE COPY THEREOF.

*Kyle Leach*

KYLE LEACH

SWARTZ & SWARTZ
10 MARSHALL STREET

BOSTON  MA  02108

Sheriff Fees     $55.00

009

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on December 12, 2001, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

Personal Service on Philip Rossi, owner of Precision Electric Glass Inc. at 1013 Hendee Road, Vineland, NJ.

Dated: December 12, 2001.                    Sheriff's officer Kyle Pearl #0033

N.B.   TO PROCESS SERVER:--
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

Monday, December 12, 2001.

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. 2011-4042-B

Addison Automatics, Inc., Plff(s).

v.

The Netherlands Insurance Company, et al., Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)
(AFFIX FILING STAMP HERE)

DEC 12 2011

010

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
CIVIL ACTION
NO: 11-4042-B

ADDISON AUTOMATICS, INC., a foreign
corporation, ,

        Plaintiff,

      v.

THE NETHERLANDS INSURANCE COMPANY,
EXCELSIOR INSURANCE COMPANY,
PRECISION ELECTRONIC GLASS, INC. and
PHILIP ROSSI.

        Defendants.

## COMPLAINT

NOW COMES the Plaintiff, ADDISON AUTOMATICS, INC. ("Addison"), by and through its attorneys, and complain of the Defendants, THE NETHERLANDS INSURANCE COMPANY and EXCELSIOR INSURANCE COMPANY (collectively, "Netherlands"); and PRECISION ELECTRONIC GLASS, INC. and PHILIP ROSSI (collectively, "Precision"), and states as follows:

## NATURE OF ACTION

1. This is an action for declaratory relief.

2. Plaintiff seeks a declaration by this Court concerning the rights and obligations under commercial general liability and umbrella insurance policies.

## PARTIES

3. Plaintiff Addison is an Illinois corporation. Addison is the plaintiff in litigation pending in the United States District Court for the Northern District of Illinois entitled *Addison*

*Automatics, Inc. v. Precision Electronic Glass, Inc. and Philip Rossi.,* Case No. 10-cv-6903 (the "Underlying Action"). The current complaint in the Underlying Action is attached as Exhibit A.

4.    Defendant Netherlands Insurance Company is, on information and belief, an insurance company with a principal place of business in Boston, Massachusetts and that is licensed to conduct business in Massachusetts.

5.    Defendant Excelsior Insurance Company is, on information and belief, an insurance company with a principal place of business in Boston, Massachusetts and that is licensed to conduct business in Massachusetts.

6.    Defendant Precision Electronic Glass, Inc. is, on information and belief, a New Jersey corporation

7.    Defendant Philip Rossi is, on information and belief, a New Jersey resident who is a principal of Precision.

8.    Jurisdiction is appropriate because Netherlands has a principal place of business in and does business in Massachusetts, and Precision does business in Massachusetts.

9.    Venue is appropriate because Netherlands has a principal place of business in and does business in Suffolk County, Massachusetts.

## UNDERLYING ACTION

10.    On or about August 13, 2010, Addison commenced the Underlying Action.

11.    In the Underlying Action, Plaintiff seeks relief on behalf of itself and a class of similarly situated plaintiffs who also received junk faxes from Precision.

12.    The Underlying Complaint alleges that Precision violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, common law conversion, and the Illinois

Consumer Fraud Act, 815 ILCS 505/2, by sending unsolicited junk faxes to Plaintiffs and hundreds of others.

13.     The Underlying Complaint further alleges that Precision knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant to send faxes to them.

## PRECISION'S NETHERLANDS POLICIES

14.     On information and belief, Netherlands issued annual renewal comprehensive general liability ("CGL") and umbrella liability insurance policies to Netherlands (collectively, the "Policies"). On information and belief, one such CGL policy covers the period from March 12, 2005 through March 12, 2006, bearing the policy number 9394865. On information and belief, another such CGL policy covers the period from March 12, 2006 through March 12, 2007, bearing the policy number 9394865. On information and belief, another such CGL policy covers the period from March 12, 2007 through March 12, 2008, bearing the policy number 9394865. On information and belief, one such umbrella policy covers the period from March 12, 2005 through March 12, 2006, bearing the policy number 9394372. On information and belief, another such umbrella policy covers the period from March 12, 2006 through March 12, 2007, bearing the policy number 9394372. On information and belief, another such umbrella policy covers the period from March 12, 2007 through March 12, 2008, bearing the policy number 9394372. A copy of the policy Precision produced in the Underlying Action is attached as Exhibit B.

15.     To the extent that discovery in this action or the Underlying Action establishes that there are additional policies, or that there are different, or additional, terms in the Policies, Addison reserves the right to amend its Complaint to reflect the new information or evidence.

## COVERAGE FOR THE CLAIMS IN THE UNDERLYING ACTION

16.    Upon information and belief, the Policies offer coverage for damages because of "property damage," and "personal and advertising injury."

**I.    Property Damage (Including Products-Completed Operations)**

17.    Upon information and belief, the Policies offer coverage to Precision for its liability for property damage "caused by an 'occurrence' that takes place in the 'coverage territory'" during the policy period.

18.    Upon information and belief, the Policies define property damage as "a. Physical injury to tangible property, including all resulting loss of use of that property. ... or b. Loss of use of tangible property that is not physically injured. ..."

19.    Upon information and belief, the Policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same harmful conditions."

20.    If the policy in Addison's possession is an accurate and complete reflection of the true terms of the Policies, the Policies define "coverage territory" as "a. The United States of America...."

21.    Addison and the other members of the class received unsolicited faxes from Precision during the policy periods of the Policies.

22.    The unsolicited faxes were sent by Precision and received by Addison and the other putative class members within the United States.

23.    The unsolicited faxes Addison and the other class members received physically injured their personal property, including but not limited to fax toner and paper.

24.    The unsolicited faxes Addison and the other putative class members received caused them to lose the use of their personal property, including but not limited to the use of

their fax machines during the fax transmissions and the use of the fax toner and paper used by the unsolicited faxes.

25.     On information and belief, Precision thought it had permission to send the unsolicited faxes and did not intend to injure the recipients.  Because of this, the unsolicited fax transmissions meet the policy definition of "accident"—which, if the policies in Addison's possession are accurate and complete reflections of the true terms of the Policies, the Policies do not define.

26.     Upon information and belief, the Policies offer coverage to Precision for its liability for property damage both included and not included within the "products-completed operations hazard."

27.     Upon information and belief, the Policies define "products-completed operations hazard" as including "'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work.'"

28.     Upon information and belief, the Policies define "your product" as "[a]ny goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by (a) You; [or] (b) [a] person or organization trading under your name...."

29.     Upon information and belief, the Policies' definition of "your product" explicitly "[i]ncludes: (1) [w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your product'...."

30.     Upon information and belief, the Policies define "your work" as "(1) Work or operations performed by you or on your behalf; and (2) Materials, parts or equipment furnished in connection with such work or operations."

31.     Upon information and belief, the Policies' definition of "your work" explicitly "[i]ncludes: (1) [w]arranties or representations made at any time with respect to the fitness, quality, durability, performance or use of 'your work'...."

32.     The property damage caused by Precision's junk faxes occurred at the premises of Addison and the other class members.

33.     The junk faxes were goods distributed by Precision's fax broadcaster or someone acting on its behalf.

34.     Precision's fax program was part of its operations and was undertaken by Precision or on its behalf.

35.     The junk faxes were materials furnished in connection with Precision's operations.

36.     The junk faxes contained representations made about fitness, quality, durability, and/or performance of Precision's products and work.

37.     Therefore, any property damage caused by the junk faxes are covered under the Policies' products-completed operations hazard.

## II.     Personal and Advertising Injury

38.     Addison repeats and realleges the allegations contained in Paragraphs 20-22.

39.     If the policies in Plaintiffs' possession are accurate and complete reflections of the true terms of the Policies, the Policies define "personal and advertising injury" as including "injury ... arising out of ... [o]ral or written publication of material, in any manner, that violates a person's right of privacy."

40.     Precision transmitted unsolicited faxes to Addison and the other class members.

41.    Precision's transmission of unsolicited faxes to Addison and the other class members constitutes the publication of material that violates Addison's and the other class members' right of privacy.

**III.    Estoppel**

42.    Precision promptly tendered defense of the Underlying Action to Netherlands.

43.    Netherlands refused Precision's tender and refused to defend Precision in the Underlying Action.

44.    For the reasons stated herein, Netherlands had a duty to defend.

45.    Netherlands breached its duty to defend.

46.    It is therefore estopped from raising policy defenses to indemnity.

47.    A case or controversy exists between and among the parties.  Netherlands claims that it owed no duty to defend and owes no duty to indemnify Netherlands under its policies of insurance.  Plaintiff claims that Netherlands owed a duty to defend and owes a duty to indemnify under both the property damage and personal and advertising portions of the insurance policies.

**WHEREFORE**, Plaintiff ADDISON, individually and as the representative of a class of similarly-situated persons, prays that this Court enter an order:

A.    Declaring that Netherlands has a duty to defend Precision in the Underlying Action;

B.    Declaring and ordering that Netherlands is required to indemnify and pay any judgment entered therein against Precision; and,

C.    Awarding Addison its costs and for such further relief as this Court deems just and appropriate.

## COUNT II: BAD FAITH

48.     Addison repeats and realleges the allegations in paragraphs 1-47.

49.     Netherlands lacked any reasonable basis for denying Netherlands's claim.

50.     Netherlands knew or should have known that courts around the country had found coverage for the underlying claims under the language of the Policies at the time Netherlands denied the claim.

51.     Netherlands has been consistently unwilling to settle the underlying claims against Precision.

52.     Therefore, Netherlands has acted in bad faith.

**WHEREFORE**, Plaintiff ADDISON, individually and as the representative of a class of similarly-situated persons, prays that this Court enter an order:

A.     Declaring that Netherlands has a duty to defend Precision in the Underlying Action;

B.     Declaring and ordering that Netherlands is required to indemnify and pay any judgment entered therein against Precision;

C.     Awarding Addison its attorney's fees;

D.     Awarding prejudgment interest on the underlying claims; and

E.     Awarding Addison its costs and for such further relief as this Court deems just and appropriate.

ADDISON AUTOMATICS, Inc., a foreign
corporation,

By:  *Alan L. Cantor*
_____
Alan L. Cantor
BBO #072360
SWARTZ & SWARTZ, P.C.
10 Marshall Street
Boston, MA  02108
Telephone:  617-742-1900
Fax:  617-367-7193

Brian J. Wanca
David M. Oppenheim
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501

Phillip A. Bock
BOCK & HATCH, LLC
134 North LaSalle Street, Suite 1000
Chicago, IL  60602
Telephone:  312-658-5500
Fax:  312-658-5555

*Attorneys for Plaintiff*

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

(8/01/08) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

No. 10 CH 34957

ADDISON AUTOMATICS, INC.

_____
(Name all parties)

v.

Precision Electronic Glass, Inc. and Philip Rossi
_____

Serve: Philip Rossi
1013 Hendee Road
Vineland, NJ

**ALIAS**
**SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306

Name: Brian J. Wanca @ Anderson+Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Road, Suite 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: (847) 368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

**DOROTHY BROWN** SEP 2 9 2010

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

ADDISON AUTOMATICS, INC., individually and )
as the representative of a class of similarly-situated )
persons, )
                     )
              Plaintiff, )
                     )   Case No.:
          v. )
                     )
PRECISION ELECTRONIC GLASS, INC. and )
PHILIP ROSSI, )
                     )
            Defendants. )

### CLASS ACTION COMPLAINT

Plaintiff, ADDISON AUTOMATICS, INC. ("Plaintiff"), brings this action on behalf of

itself and all other persons similarly situated, through its attorneys, and except as to those

allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal

knowledge, alleges the following upon information and belief against Defendants, PRECISION

ELECTRONIC GLASS, INC. and PHILIP ROSSI ("ROSSI") (collectively "Defendants"):

### PRELIMINARY STATEMENT

1.     This case challenges Defendants' practice of faxing unsolicited advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have transacted business and committed tortious acts related to the matters complained of herein.

7.    Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because Defendants are a foreign corporation and an out of state resident.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.    Plaintiff is an Illinois corporation.

10.    On information and belief, Defendant, PRECISION ELECTRONIC GLASS, INC., is a New Jersey corporation which has its principal place of business in Vineland, New Jersey.

<center>2</center>

On information and belief, Defendant, PHILIP ROSSI, is an officer, director, shareholder and control person of PRECISION ELECTRONIC GLASS, INC.

On information and belief, ROSSI approved, authorized and participated in the scheme to broadcast advertisements by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving the form of advertisements to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

### FACTS

11.    On or about January 16, 2008, Defendants faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12.    Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

13.    Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

14.    Plaintiff had not invited or given permission to Defendants to send fax advertisements.

15.    On information and belief, Defendants faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation. Defendants' advertisements did not display a proper opt out notice as required by 64 C.F.R. 1200.

3

16.     There is no reasonable means for Plaintiff (or any other class member) to avoid

receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications

their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

17.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

18.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the

Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of

persons:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendants, (3) with respect to whom
> Defendants cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, (4) with whom Defendants
> did not have an established business relationship, and (5) which
> did not display a proper opt out notice.

19.     A class action is warranted because:

(a)     On information and belief, the class includes forty or more persons and is

so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over

questions affecting only individual class members, including without limitation:

(i)     Whether Defendants sent unsolicited fax advertisements;

(ii)     Whether Defendants' facsimiles advertised the commercial

availability of property, goods, or services;

4

(iii)    The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendants violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendants should be enjoined from faxing advertisements in the future;

(viii)    Whether the Court should award trebled damages; and

(ix)    Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200.

20.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

21.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

22.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

5

23. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

24. The TCPA provides:

> 3. _Private right of action_. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) Both such actions.

25. The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

26. Defendants violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission and by not displaying a proper opt out notice as required by 64 C.F.R. 1200.

27. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

28. Defendants knew or should have known that: Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, that Plaintiff and the other class members did not have an established business relationship with Defendants, that Exhibit A and the other

advertisements Defendants sent were advertisements, and that Exhibit A and the other advertisements Defendants sent did not display the proper opt out notice as required by 64 C.F.R. 1200.

29.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and other class members from the sending of Exhibit A occurred outside Defendants' premises.

30.     Even if Defendants did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, ADDISON AUTOMATICS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, PRECISION ELECTRONIC GLASS, INC. and PHILIP ROSSI, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

7

B.      That the Court award $500.00 in damages for each violation of the TCPA;

C.      That the Court enter an injunction prohibiting Defendants from engaging in the

statutory violations at issue in this action; and

D.      That the Court award costs and such further relief as the Court may deem just and

proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and

fees.

<div align="center">

**COUNT II
CONVERSION**

</div>

31.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion

under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing
> of this action, (2) were sent telephone facsimile messages of
> material advertising the commercial availability of any property,
> goods or services by or on behalf of Defendants, (3) with respect to
> whom Defendants cannot provide evidence of prior express
> permission or invitation for the sending of such faxes, and (4) with
> whom Defendants did not have an established business
> relationship.

33.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons and

is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over

all questions affecting only individual class members, including:

(i)     Whether Defendants engaged in a pattern of sending unsolicited

fax advertisements;

<div align="center">8</div>

        (ii)      The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

        (iii)     Whether Defendants committed the tort of conversion.

34.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

35.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

36.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

37.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

38.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

39.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

9

40.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

41.    Each of Defendants' unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' illegal faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

42.    Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ADDISON AUTOMATICS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, PRECISION ELECTRONIC GLASS, INC. and PHILIP ROSSI, jointly and severally, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

10

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

43.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

44.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendants' unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendants did not have an established business relationship.

45.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

11

(ii)     The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendants' practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendants' practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act;

(v)     Whether Defendants should be enjoined from sending unsolicited fax advertising in the future.

46.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

47.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

48.     Defendants' unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendants' practice effectively forced Plaintiff and the other class members to pay for Defendants' advertising campaign.

49.     Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

12

50.     Defendants' misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

51.     Defendants' actions caused damages to Plaintiff and the other class members because their receipt of Defendants' unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machine for Defendants' illegal purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, ADDISON AUTOMATICS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, PRECISION ELECTRONIC GLASS, INC. and PHILIP ROSSI, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award attorney fees and costs;

D.     That the Court enter an injunction prohibiting Defendants from sending unsolicited faxed advertisements to Illinois consumers; and

E.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

13

Respectfully submitted,

ADDISON AUTOMATICS, INC., individually and
as the representative of a class of similarly-situated
persons

By:   *(signature)*

One of Plaintiff's Attorneys

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        BOCK & HATCH, LLC
3701 Algonquin Road, Suite 760          134 N. La Salle St., Suite 1000
Rolling Meadows, IL  60008              Chicago, IL  60602
Telephone: 847/368-1500                 Telephone: 312/658-5500
Firm I.D. No.: 51306                    Firm I.D. No.: 44533

14



EXHIBIT A

to:JOHN SMITH              Fm:PEG Marketing      12:35 01/16/08 PG 001



Precision Bore Tubing
Glass Blowing and Lathe Tooling
Precision Grinding
Near Optical Polishing
Seals (Glass-to-Glass/Metal/Graded)
ISO 9001: US95/0372

**PRECISION ELECTRONIC GLASS**
Innovation. Technology. Service.

"Silky Smooth Bores" are just the beginning....

# *FAX Cover Sheet*

**To:**  JOHN SMITH

**Company:**  ADDISON AUTOMATICS INC

**Fax:**  18153597522

**Date:**  January 16, 2008

**Ref#:**  FREE Industry Tools

**From:**  Philip Rossi

Precision Electronic Glass
1013 Hondoc Rd.
Vineland, NJ 08360-3295
Tel. (800) 982-4734
Fax (856) 691-3090

# It is estimated that purchasers of Precision Glass Parts WASTED $18,427,912 in 2007.

Find out How & Why, AND....
Learn how to avoid the same mistakes.

## FREE TOOL:          *NEW*

"2008 Glass Buyers Guide"   Education is the key to avoiding costly mistakes when purchasing precision bore tubing and custom glass parts.
This FREE 1-Page Industry Snapshot Includes:

- Material price trends.
- Industry statistics on conversion costs.
- National averages for engineering metrics.
- Effects of CHINA material on the U.S market.
- Survey results on supplier programs.

**YES!** I would like to receive this FREE Tool.

Email: freetool@pegglass.com
Fax:   (856) 691-3090
Phone: (800) 982-4734

*We have several reports and tools to help purchasers of glass products make informed decisions, so please specify the name of the tool you wish to receive.

☐  Check here if you do NOT wish to receive future fax advertisements from Precision Electronic Glass at your fax number. Please FAX your removal request toll-free to (866)527-1779.  If you would rather opt-out of future faxes by phone, please call 866-254-4813 or go to http://xmsleconnect.us/removemyfax/. Your contact information, including fax number was collected from one of the following public sources: a directory, advertisement, or website. Our goal is to educate consumers, however, we value your privacy and will gladly remove you from future faxes. Our failure to comply with your removal request within the shortest reasonable time, as determined by the FCC, with such a valid request identifying the telephone facsimile machine(s) to which the request relates would be unlawful.                            Rev. 8

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

ADDISON AUTOMATICS, INC., individually and )
as the representative of a class of similarly-situated )
persons, )
                                                     )
                       Plaintiff, )
                                                     )   Case No.:
           v. )
                                                     )
PRECISION ELECTRONIC GLASS, INC. and )
PHILIP ROSSI, )
                                                     )
                       Defendants. )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, ADDISON AUTOMATICS, INC.., by its attorneys, Anderson + Wanca and

Bock & Hatch, LLC, respectfully moves this court, pursuant to 735 ILCS 5/2-801 et seq., to

certify for class action treatment the following classes, as described in Plaintiff's Class Action

Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, (4) with whom Defendants
> did not have an established business relationship, and (5) which
> did not display a proper opt out notice.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendants did not have an established business relationship.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or

services by or on behalf of Defendant, (3) with respect to whom
Defendant cannot provide evidence of prior express permission or
invitation for the sending of such faxes, and (4) with whom
Defendants did not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, ADDISON AUTOMATICS, INC., prays that this court enter

an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

ADDISON AUTOMATICS, INC.., individually,
and as the representative for a class of similarly-
situated persons

By:    _____

One of the Attorneys for Plaintiff

Brian J. Wanca                          Phillip A. Bock
ANDERSON + WANCA                        BOCK & HATCH, LLC
3701 Algonquin Road, Suite 760          134 N. LaSalle St., #1000
Rolling Meadows, IL 60008               Chicago, IL 60602
Telephone: 847/368-1500                 Telephone: 312/658-5500
Fax: 847/368-1501
#51306

2

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                             SUPERIOR COURT
                                                        C.A. No.:  11-4042-B


ADDISON AUTOMATICS, INC.,                    )
                                             )
              Plaintiff,                     )
                                             )
v.                                           )
                                             )
THE NETHERLANDS INSURANCE COMPANY,           )
EXCELSIOR INSURANCE COMPANY,                 )
PRECISION ELECTRONIC GLASS, INC.,            )
and PHILLIP ROSSI,                           )
                                             )
              Defendants.                    )

**DEFENDANTS', THE NETHERLANDS INSURANCE COMPANY
AND EXCELSIOR INSURANCE COMPANY, ANSWER, COUNTERCLAIMS,
CROSSCLAIMS, AND JURY TO THE PLAINTIFF'S COMPLAINT**

FIRST DEFENSE

NATURE OF THE ACTION

1.     This paragraph states conclusions of law and makes characterizations of
the contents of a written document, which contents speak for themselves, and requires
no response.

2.     This paragraph states conclusions of law and requires no response.

PARTIES

3.     Netherlands Insurance Company and Excelsior Insurance Company
(hereinafter collectively referred as "the defendants") are without knowledge or
information sufficient to form a belief as to the truth of the whether the plaintiff is an
Illinois corporation. Otherwise the defendants admit the allegations in this paragraph.

4.      The defendants admit the allegations contained in this paragraph.

5.      The defendants admit the allegations contained in this paragraph.

6.      The defendants admit the allegations contained in this paragraph.

7.      The defendants admit the allegations contained in this paragraph.

8.      Admitted that the defendants, Netherlands Insurance Company and Excelsior Insurance Company, have principal places of business and do business in Massachusetts. The defendants are without knowledge or information sufficient to form a belief as to the truth of the whether Precision Electronic Glass, Inc. does business in Massachusetts. Upon information and belief Rossi is a resident and citizen of New Jersey. Otherwise, this paragraph states conclusions of law which require no response.

9.      Admitted that the defendants, Netherlands Insurance Company and Excelsior Insurance Company, have principal places of business and do business in Massachusetts. The defendants are without knowledge or information sufficient to form a belief as to the truth of the whether Precision Electronic Glass, Inc. does business in Massachusetts. Upon information and belief Rossi is a resident and citizen of New Jersey. Denied that venue is appropriate.

## UNDERLYING ACTION

10.     The defendants admit the allegations contained in this paragraph.

11.     This paragraph states conclusions of law and makes characterizations of the contents of a written document, which contents speak for themselves, and requires no response.  Denied as to the existence of any purported claims of similarly situation plaintiffs.

743424.1

040

12.     The defendants admit the allegations contained in this paragraph.

13.     The defendants admit the allegations contained in this paragraph.

### PRECISION'S NETHERLANDS POLICIES

14.     The defendants admit the allegations contained in this paragraph.

15.     This paragraph contains no allegations of fact pertaining to the defendants and therefore requires no response. Insofar as this paragraph might be interpreted as making other allegations of fact against the defendants, the defendant states that it is without knowledge or information sufficient to form a belief as to the truth of such allegations.

### COVERAGE FOR THE CLAIMS IN THE UNDERLYING ACTION

16.     The defendants admit the allegations contained in this paragraph.

**I.     Property Damage (Including Products-Completed Operations)**

17.     The defendants admit the allegations contained in this paragraph.

18.     The defendants admit the allegations contained in this paragraph.

19.     The defendants admit the allegations contained in this paragraph.

20.     The defendants admit the allegations contained in this paragraph.

21.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and call upon the plaintiff for proof.

22.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and call upon the plaintiff for proof.

23.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and call upon the plaintiff for proof.

24.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and call upon the plaintiff for proof.

25.    The defendants deny the allegations in this paragraph.

26.    The defendant denies that the Policies offer coverage to Precision for its liability for all property damage both included and not included within the "products-completed operations hazard."

27.    The defendants admit the allegations contained in this paragraph.

28.    The defendants admit the allegations contained in this paragraph.

29.    The defendants admit the allegations contained in this paragraph.

30.    The defendants admit the allegations contained in this paragraph.

31.    The defendants admit the allegations contained in this paragraph.

32.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and call upon the plaintiff for proof.

33.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and call upon the plaintiff for proof.

34.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and call upon the plaintiff for proof.

35.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and call upon the plaintiff for proof.

36.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and call upon the plaintiff for proof.

37.     The defendants deny the allegations in this paragraph.

**II.     Personal and Advertising Injury**

38.     The defendants, for answer to Paragraph 38, restate and incorporate herein by reference its answers to Paragraphs 20 through 22 above.

39.     The defendants admit the allegations contained in this paragraph.

40.     The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and call upon the plaintiff for proof.

41.     The defendants deny the allegations in this paragraph.

**III.   Estoppel**

42.     This paragraph states conclusions of law and characterizations of the contents of a written document, which contents speak for themselves, and requires no response. Insofar as this paragraph purports to make allegations of fact against the defendants, such allegations are denied.

43.     The defendants admit the allegations contained in this paragraph.

44.     The defendants deny the allegations in this paragraph.

45.     The defendants deny the allegations in this paragraph.

46.     The defendants deny the allegations in this paragraph.

47.     The defendants deny the allegations in this paragraph.

## COUNT II: BAD FAITH

48.     The defendants, for answer to Paragraph 48, restate and incorporate herein by reference their answers to Paragraphs 1 through 47 above.

49.     The defendants deny the allegations in this paragraph.

50.     The defendants deny the allegations in this paragraph.

51.     The defendants deny the allegations in this paragraph.

52.     The defendants deny the allegations in this paragraph.

### SECOND DEFENSE

The plaintiff fails to state a claim for which relief can be granted.

### THIRD DEFENSE

The plaintiff has failed to comply with the requirements of G.L. c. 93A prior to filing this action.

### FOURTH DEFENSE

The plaintiff's claims are barred, wholly, or in part, by the doctrine of accord and satisfaction.

## FIFTH DEFENSE

The plaintiff's claims are barred because, to the extent the defendant had obligations to the plaintiff, if any, such obligations have been fully, completely, and properly performed in every respect.

## SIXTH DEFENSE

The insured has failed to comply with the terms and conditions of the policy(ies) of insurance issued by defendant, resulting in prejudice to the defendant, wherefore the plaintiff is barred from recovery in this action.

## SEVENTH DEFENSE

The plaintiff is not entitled to coverage under the alleged insurance policy(ies) under the terms and conditions precedent of the said policy(ies) of insurance.

## EIGHTH DEFENSE

The plaintiff's claims, insofar as they seek punitive damages, are barred and/or limited under the due process protections of the United States and Massachusetts Constitutions.

## NINTH DEFENSE

The plaintiff's claims are barred by the relevant exclusions, endorsements, terms, conditions, and/or other provisions of the defendants' policies.

## TENTH DEFENSE

The plaintiff's claims are barred because they have not completed the necessary conditions precedent to filing this suit.

## ELEVENTH DEFENSE

The plaintiff's claims are barred by the exclusion for "Expected or Intended Injury" in the subject policies.

## TWELFTH DEFENSE

743424.1

The plaintiff's claims are barred because the alleged underlying injury suffered by the plaintiff does not fall within the scope of the defined term "personal and advertising injury" in the subject policies.

## THIRTEENTH DEFENSE

The plaintiff's claims are barred because the alleged underlying injury suffered by the plaintiff did not take place during the policy period of the subject policies.

## FOURTEENTH DEFENSE

The plaintiff's claims are barred because the alleged underlying injury suffered by the plaintiff failed to satisfy the requirement in the subject policies that there be a covered "occurrence" as that term is defined in the policy.

## FIFTEENTH DEFENSE

The plaintiff's claims are barred by the exclusion for "Knowing Violation of Rights of Another" in the subject policies.

## SIXTEENTH DEFENSE

The plaintiff's claims are barred because of the "Blast Fax Endorsement" contained in the subject policies.

## SEVENTEENTH DEFENSE

The complaint should be dismissed for lack of subject matter jurisdiction and personal jurisdiction.

## EIGHTEENTH DEFENSE

The complaint should be dismissed for improper venue.

## NINTEENTH DEFENSE

The complaint should be dismissed for insufficiency of process.

## TWENTIETH DEFENSE

The complaint should be dismissed for insufficiency of service of process.

## TWENT-FIRST DEFENSE

The plaintiff's claims are barred because they lack standing.

## TWENTY-SECOND DEFENSE

The plaintiff's claims are barred because there is no case and controversy.

## TWENTY-THIRD DEFENSE

The plaintiff's claims are barred because they have failed join a party(ies) under Massachusetts Rules of Civil Procedure 19.

## TWENTY-FOURTH DEFENSE

The dispute between the plaintiffs and defendant constitutes a good faith dispute regarding the interpretation and application of insurance coverage, and the actions of the defendant have been based upon a plausible, good faith understanding of any obligations owed by it, and therefore it has not committed an unfair or deceptive act or practice within the meaning of G.L. c. 93A.

## TWENTY-FIFTH DEFENSE

The plaintiff's claims are barred because they lack ripeness.

## TWENTY-SIXTH DEFENSE

The defendant states that the plaintiff has failed to comply with the notice requirements of G.L. c. 93A, wherefore the plaintiff is barred from recovery.

## TWENTY-SEVENTH DEFENSE

The plaintiff's claims, insofar as they seek punitive damages, are barred and/or limited under the due process protections of the United States and Massachusetts Constitutions.

## TWENTY-EIGHTH DEFENSE

The plaintiff's claims are barred by reason of the right of petitioning afforded by the United States and Massachusetts Constitutions.

## TWENTY-NINTH DEFENSE

The defendant hereby gives notice that it intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action, and hereby reserves the right to amend its answer and to assert any such defense by appropriate motion.

## COUNTERCLAIMS AND CROSS-CLAIMS

### PARTIES

1.     Defendant/plaintiff in counterclaims and crossclaims Netherlands Insurance Company (hereinafter "Netherlands") is a general liability insurer organized under the laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

2.     Defendant/plaintiff in counterclaims and crossclaims Excelsior Insurance Company (hereinafter "Excelsior") is an excess liability insurer organized under the laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts.

3.     Defendant/defendant in crossclaims Precision Electronic Glass, Inc. (hereinafter "PEG") is a company, which upon information and belief, is incorporated in New Jersey and has its principal place of business in Vineland, New Jersey.

4.     Plaintiff Addison has asserted in this matter that PEG consents to the jurisdiction of this Court, however to date PEG has not yet appeared in this matter.

5.     Defendant/defendant in crossclaims, Philip Rossi (hereinafter "Rossi"), is a resident and citizen of New Jersey and is believed to be a principal and President of PEG.

6.     Plaintiff Addison has asserted in this matter that Rossi consents to the jurisdiction of this Court, however to date Rossi has not yet appeared in this matter.

7.     Plaintiff/defendant in counterclaims Addison Automatics, Inc., individually and as the alleged representative of a class of similarly-situated persons (hereinafter "Addison"), is a business which, upon information and belief, is incorporated in Illinois and has its principal place of business in Illinois.

## JURISDICTION

8.     If, as plaintiff Addison has asserted, PEG and Rossi do in fact consent to the jurisdiction of this Court and appear in this matter then this court has jurisdiction over this matter and may enter a declaration of rights and responsibilities of the parties pursuant to G.L. c. 231A.

## FACTS

9.     Netherlands issued three general liability policies to PEG (hereinafter collectively, "Netherlands Policies"), under Policy Number 9394865, with the effective dates 3/12/05 – 3/12/06 (hereinafter, "First Policy"); 3/12/06 – 3/12/07 (hereinafter, "Second Policy"); and 3/12/07 – 3/12/08 (hereinafter, "Third Policy").

10.     Excelsior issued three commercial umbrella liability policies to PEG (hereinafter collectively, "Excelsior Umbrella Policies"), under Policy Number CU 9394372, with the effective dates 3/12/05 – 3/12/06 (hereinafter, "First Umbrella Policy"); 3/12/06 – 3/12/07 (hereinafter, "Second Umbrella Policy"); and 3/12/07 – 3/12/08 (hereinafter, "Third Umbrella Policy").

11.     In or about August 2010, Addison filed an action against PEG in the Circuit Court of Cook County, Illinois (hereinafter, "the Underlying Action"), alleging causes of

action under 47 U.S.C. § 227 (Telephonic Consumer Protection Act), the Illinois Consumer Fraud Act and Deceptive Business Practices Act, and the Common Law.

12.     Addison alleges as a class representative in the Underlying Action that Addison received an unsolicited facsimile from PEG on January 16, 2008.

13.     Addison seeks damages and other relief from PEG in the Underlying Action for allegedly sending unsolicited facsimiles to Addison and other class members, including damages for the unauthorized depletion of paper and toner in the fax machines of Addison and other class members who received allegedly unauthorized facsimile transmissions from PEG, as well as Addison's and other class members' incidental expenses incurred in having their staff receive, review, and otherwise attend to the allegedly unsolicited facsimile transmissions from PEG.

14.     PEG has confirmed to Netherlands' counsel, without admitting any liability in the Underlying Action, that certain faxes were sent to various recipients by, or on behalf of, PEG on January 16, 2008, January 23, 2008 and January 30, 2008. PEG has also confirmed that no such faxes were sent by, or on behalf of, PEG on any date before January 16, 2008.

15.     By letter dated September 10, 2010, Netherlands disclaimed coverage under the Netherlands Policies in connection with the Underlying Action.

16.     Thereafter, a dispute and controversy arose between PEG and Netherlands with respect to Netherlands' coverage position relative to the Underlying Action.

17.     After the dispute and controversy arose between PEG and Netherlands with respect to Netherlands' coverage position relative to the Underlying Action, by letter dated July 6, 2011, PEG tendered the claim to Excelsior, asserting that even if the underlying Netherlands' policies did not provide coverage, then coverage must be provided by the Excelsior Umbrella Policies.

## COUNT I
## (NO COVERAGE TRIGGERED UNDER THE FIRST AND SECOND NETHERLANDS POLICIES, NOR UNDER THE FIRST AND SECOND EXCELSIOR UMBRELLA POLICIES)

18.     The Netherlands Policies provide coverage for "bodily injury" and/or "property damage," as those terms are defined therein, under Coverage A of the Netherlands Policies.

19.     The Netherlands Policies provide coverage for "personal and advertising injury," as this term is defined therein, under Coverage B of the Netherlands Policies.

20.     The Excelsior Umbrella Policies provide coverage for "bodily injury," "property damage," and "personal and advertising injury," as those terms are defined therein, under Section I of the Excelsior Policies.

21.     Among other terms and provisions, any coverage afforded under the Netherlands Policies and/or the Excelsior Umbrella Policies applies only to "bodily injury" and "property damage" that occur during the policy period, and "personal and advertising injury" offenses committed during the policy period.

22.     Based on the allegations in the Underlying Action and the information provided by PEG, no "bodily injury," nor "property damage," nor "personal and advertising injury," as those terms are defined in the Netherlands Policies and the

743424.1

Excelsior Umbrella Policies, took place during the coverage periods of the First Policy, nor of the Second Policy, nor of the First Umbrella Policy, nor of the Second Umbrella Policy.

WHEREFORE, the plaintiffs in counterclaims and crossclaims, The Netherlands Insurance Company and Excelsior Insurance Company, request that:

A. This Court find and declare that no coverage is afforded under the First Policy, nor the Second Policy, nor the First Umbrella Policy, nor the Second Umbrella Policy, since no "bodily injury," nor "property damage," nor "personal and advertising injury," as those terms are defined therein took place during the terms of those policies, and therefore, no coverage under those policies was triggered.

B. This Court find and declare that The Netherlands Insurance Company and Excelsior Insurance Company have neither a duty to defend nor indemnify Precision Electronic Glass, Inc. in connection with the underlying action against it by Addison Automatics, Inc. under the First Policy, nor the Second Policy, nor the First Umbrella Policy, nor the Second Umbrella Policy.

C. This Court find and declare that PEG, Rossi and Addison have no rights under the First Policy, nor the Second Policy, nor the First Umbrella Policy, nor the Second Umbrella Policy.

D. This Court grant such other and further relief as it deems just and proper.

## COUNT II
## ("BODILY INJURY" AND "PROPERTY DAMAGE" COVERAGE -- DEFINITIONS OF "PROPERTY DAMAGE," "BODILY INJURY," AND "OCCURRENCE")

23.     Among other terms and provisions, the Netherlands Policies and Excelsior Umbrella Policies insure "bodily injury" or "property damage" caused by an "occurrence," as those terms are defined therein.

24.     No allegations of bodily injury exist in the Underlying Action.

25.     The claims and damages asserted in the Underlying Action fail to constitute covered "property damage" for which any coverage is afforded under the Netherlands Policies and the Excelsior Umbrella Policies.

26.     The claims and damages asserted in the Underlying Action fail to satisfy the requirement of the Netherlands Policies and the Excelsior Umbrella Policies that there be a covered "occurrence" for there to be any coverage for "property damage."

WHEREFORE, the plaintiffs in counterclaims and crossclaims, The Netherlands Insurance Company and Excelsior Insurance Company, request that:

A.  This Court find and declare that no coverage is afforded for "property damage" or "bodily injury" under each of the Netherland Policies and the Excelsior Umbrella Policies, since no covered "property damage" or "bodily injury" caused by a covered "occurrence" is alleged in the Underlying Action.

B.  This Court find and declare that The Netherlands Insurance Company and Excelsior Insurance Company have neither a duty to defend nor indemnify Precision Electronic Glass, Inc. in connection with the Underlying Action against Precision Electronic Glass, Inc. under insuring agreements of each of the Netherlands Policies and Excelsior Umbrella Policies for "bodily injury" and "property damage."

C. This Court find and declare that PEG, Rossi and Addison have no rights under insuring agreements of each of the Netherlands Policies and Excelsior Umbrella Policies covering "bodily injury" and "property damage."

D. This Court grant such other and further relief as it deems just and proper.

<div align="center">

**COUNT III**
**("BODILY INJURY" AND "PROPERTY DAMAGE" COVERAGE -- EXPECTED OR INTENDED EXCLUSION)**

</div>

27.　Any coverage afforded for "bodily injury" and "property damage" under each of the Netherlands Policies and the Excelsior Umbrella Policies is subject to an exclusion which bars coverage for any expected or intended injuries and damage.

28.　The aforementioned exclusion reads in each of the Netherlands Policies and the Excelsior Umbrella Policies, in pertinent part, as follows:

**. . . Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

29.　Even if any coverage for "bodily injury" and "property damage" were otherwise triggered or afforded under the insuring agreements of the Netherlands Policies and/or the Excelsior Umbrella Policies, same being denied, any and all such coverage is excluded in connection with the Underlying Action by the "Expected Or Intended Injury" exclusion under each of the Netherlands Policies and the Excelsior Umbrella Policies.

WHEREFORE, the plaintiffs in counterclaims and crossclaims, The Netherlands Insurance Company and Excelsior Insurance Company, request that:

A. This Court find and declare that no coverage is afforded for "bodily injury" or "property damage" under each of the Netherland Policies and the Excelsior Umbrella Policies, since any such coverage, even if it were triggered or afforded by the insuring agreements in the first instance, same being denied, is nevertheless barred by the "Expected or Intended" exclusions contained in each of said policies.

B. This Court find and declare that The Netherlands Insurance Company and Excelsior Insurance Company have neither a duty to defend nor indemnify Precision Electronic Glass, Inc. in connection with the Underlying Action against Precision Electronic Glass, Inc. under insuring agreements of each of the Netherlands Policies and Excelsior Umbrella Policies for "bodily injury" and "property damage."

C. This Court find and declare that PEG, Rossi and Addison have no rights under insuring agreements of each of the Netherlands Policies and Excelsior Umbrella Policies covering "bodily injury" and "property damage."

D. This Court grant such other and further relief as it deems just and proper.

### COUNT IV
### ("PERSONAL AND ADVERTISING INJURY" COVERAGE -- DEFINITION OF "PERSONAL AND ADVERTISING INJURY")

30.    Coverage under the Netherlands Policies and the Excelsior Umbrella Policies is afforded for "personal and advertising injury," only when the underlying

injury alleged falls within the scope of the defined term "personal and advertising injury."

31.    "Personal and advertising injury" is defined in each of the Netherlands Policies and the Excelsior Umbrella Policies, in pertinent part, as follows:

"Personal and advertising injury" means injury . . . arising out of one or more of the following offenses:

a.  False arrest, detention or imprisonment;

b.  Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

32.    The claims and damages asserted in the Underlying Action fail to constitute "personal and advertising injury," as this term is defined in each of the Netherlands Policies and the Excelsior Umbrella Policies.

WHEREFORE, the plaintiffs in counterclaims and crossclaims, The Netherlands Insurance Company and Excelsior Insurance Company, request that:

A. This Court find and declare that no coverage is afforded for "personal and advertising injury" under each of the Netherlands Policies and the Excelsior Umbrella Policies, since no covered "personal and advertising injury" is alleged in the Underlying Action.

B. This Court find and declare that The Netherlands Insurance Company and Excelsior Insurance Company have neither a duty to defend nor indemnify Precision Electronic Glass, Inc. in connection with the Underlying Action against Precision Electronic Glass, Inc. under insuring agreements of each of the Netherlands Policies and Excelsior Umbrella Policies for "personal and advertising injury."

C. This Court find and declare that PEG, Rossi and Addison have no rights under insuring agreements of each of the Netherlands Policies and Excelsior Umbrella Policies covering "personal and advertising injury."

D. This Court grant such other and further relief as it deems just and proper.

## COUNT V
## ("PERSONAL AND ADVERTISING INJURY" COVERAGE – KNOWING VIOLATION OF RIGHTS EXCLUSION)

33.     Any coverage afforded for "personal and advertising injury" under each of the Netherlands Policies and the Excelsior Umbrella Policies is subject to an exclusion which bars coverage for any knowing violation of the rights of another.

34.     The aforementioned exclusion reads in each of the Netherlands Policies as follows:

### 2. Exclusions

This insurance does not apply to:

### a. Knowing Violation Of Rights Of Another

"Personal and advertising injury" caused by or at the direction of
the insured with the knowledge that the act would violate the rights
of another and would inflict "personal and advertising injury".

35.     The aforementioned exclusion reads in each of the Excelsior Umbrella

Policies as follows:

### 3. Exclusions

This insurance does not apply to:

### . . . s. Personal And Advertising Injury

"Personal and advertising injury"

**(1)** caused by or at the direction of the insured with the
knowledge that the act would violate the rights of another
and would inflict "personal and advertising injury".

36.     Even if any coverage for "personal and advertising injury" were otherwise

triggered or afforded under the insuring agreements of the Netherlands Policies and/or

the Excelsior Umbrella Policies, same being denied, any and all such coverage is

excluded in connection with the Underlying Action by the exclusion of coverage for a

knowing violation of the rights of another contained in each of the Netherlands Policies

and the Excelsior Umbrella Policies.

WHEREFORE, the plaintiffs in crossclaims and counterclaims, The Netherlands

Insurance Company and Excelsior Insurance Company, request that:

A.  This Court find and declare that no coverage is afforded for "personal and

advertising injury" under each of the Netherland Policies and the Excelsior

Umbrella Policies, since any such coverage, even if it were triggered or afforded

by the insuring agreements in the first instance, same being denied, is nevertheless barred by the exclusion of coverage for a knowing violation of the rights of another contained in each of the Netherlands Policies and the Excelsior Umbrella Policies.

B. This Court find and declare that The Netherlands Insurance Company and Excelsior Insurance Company have neither a duty to defend nor indemnify Precision Electronic Glass, Inc. in connection with the Underlying Action against Precision Electronic Glass, Inc. under insuring agreements of each of the Netherlands Policies and Excelsior Umbrella Policies for "personal and advertising injury."

C. This Court find and declare that PEG, Rossi and Addison have no rights under insuring agreements of each of the Netherlands Policies and Excelsior Umbrella Policies covering "personal and advertising injury."

D. This Court grant such other and further relief as it deems just and proper.

## COUNT VI
### (BLAST FAX EXCLUSION UNDER SECOND AND THIRD NETHERLANDS POLICIES AND SECOND AND THIRD EXCELSIOR UMBRELLA POLICIES)

37.    The Second Policy and the Third Policy issued by The Netherlands Insurance Company as well as the Second Umbrella Policy and the Third Umbrella Policy issued by the Excelsior Insurance Company each contain an endorsement entitled "Violation of Statutes that Govern E-mails, Fax, Phone Calls or Other Methods of Sending Material or Information" (hereinafter, "Blast Fax Endorsement").

38.     The Blast Fax Endorsement contained in the second and third Netherlands

Policies, in relevant part, reads:

This endorsement modifies insurance provided under the

following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     The following exclusion is added to Paragraph **2.,
Exclusions of Section I - Coverage A - Bodily Injury
And Property Damage Liability**:

    **2.**     **Exclusions**

        This insurance does not apply to:

        **DISTRIBUTION OF MATERIAL IN
VIOLATION OF STATUTES**

        "Bodily injury" or "property damage" arising
directly or indirectly out of any action or omission
that violates or is alleged to violate:

        **a.**     The Telephone Consumer Protection Act
(TCPA), including any amendment of or
addition to such law; or

        **b.**     The CAN-SPAM Act of 2003, including any
amendment of or addition to such law; or

        **c.**     Any statute, ordinance or regulation, other
than the TCPA or CAN-SPAM Act of 2003,
that prohibits or limits the sending,
transmitting, communicating or distribution
of material or information.

**B.**     The following exclusion is added to Paragraph **2.,
Exclusions of Section I - Coverage B - Personal And
Advertising Injury Liability**:

    **2. Exclusions**

This insurance does not apply to:

**DISTRIBUTION OF MATERIAL IN VIOLATION OF STATUTES**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

a.  The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

b.  The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

c.  Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

39.     The identical Blast Fax Endorsement contained in the second and third

Excelsior Umbrella Policies, in pertinent part, reads as follows:

This endorsement modifies insurance provided under the following:

COMMERCIAL UMBRELLA LIABILITY COVERAGE PART

The following is added to Paragraph **3. Exclusions** under **SECTION I – COVERAGE:**

**3.     Exclusions**

This insurance does not apply to:

**Distribution Of Material In Violation Of Statutes**

"Bodily injury," "property damage" or "personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

**a.**   The Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law; or

**b.**   The CAN-SPAM Act of 2003, including any amendment of or addition to such law; or

**c.**   Any statute, ordinance or regulation, other than the TCPA or CAN-SPAM Act of 2003, that prohibits or limits the sending, transmitting, communicating or distribution of material or information.

40.   Pursuant to the Blast Fax Endorsement, the Second Policy and the Third Policy issued by The Netherlands Insurance Company as well as the Second Umbrella Policy and the Third Umbrella Policy issued by the Excelsior Insurance Company do not provide coverage for "bodily injury" or "property damage," nor for "personal and advertising injury," arising directly or indirectly out of an action or omission that violates, or is alleged to violate, the Telephone Consumer Protection Act (hereinafter "TCPA"), including any amendment of or addition to such law.

41.   Even if the Underlying Action alleged conduct triggering coverage or constituting covered "bodily injury," "property damage" or "personal and advertising injury," same being denied, any coverage for such conduct is barred by the Blast Fax Endorsement contained in the Second Policy and the Third Policy issued by The Netherlands Insurance Company as well as the Second Umbrella Policy and the Third Umbrella Policy issued by the Excelsior Insurance Company.

WHEREFORE, the plaintiffs in the counterclaims and crossclaims, The Netherlands Insurance Company and Excelsior Insurance Company, request that:

A. This Court find and declare that no coverage is afforded under the Second Policy and the Third Policy issued by The Netherlands Insurance Company as well as the Second Umbrella Policy and the Third Umbrella Policy issued by the Excelsior Insurance Company, in connection with the claims asserted in the Underlying Action, since any and all coverage under said policies for the conduct alleged in the Underlying Action is barred by the Blast Fax Endorsement contained in each of said policies.

B. This Court find and declare that The Netherlands Insurance Company and Excelsior Insurance Company have neither a duty to defend nor indemnify Precision Electronic Glass, Inc. under the Second Policy and the Third Policy issued by The Netherlands Insurance Company as well as the Second Umbrella Policy and the Third Umbrella Policy issued by the Excelsior Insurance Company, in connection with the Underlying Action against Precision Electronic Glass, Inc. by Addison Automatics, Inc.

C. This Court find and declare that PEG, Rossi and Addison have no rights under the Second Policy and the Third Policy issued by The Netherlands Insurance Company as well as the Second Umbrella Policy and the Third Umbrella Policy issued by the Excelsior Insurance Company.

D. This Court grant such other and further relief as it deems just and proper.

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

For the Defendants,
Excelsior Insurance Company and
The Netherlands Insurance Company,
By Their Attorneys,

Myles W. McDonough, BBO# 547211
Christopher M. Reilly, BBO# 674041
Sloane & Walsh, LLP
Three Center Plaza, 8th Floor
Boston, Massachusetts 02108
Tel:  617-523-6010

8/6/12

<u>CERTIFICATE OF SERVICE</u>

I, Christopher M. Reilly, hereby certify that on this 6th day of August, 2012, I served a copy of the foregoing document by first class mail, postage prepaid, to the following counsel of record:

Alan L. Cantor, Esquire
Swartz & Swartz
10 Marshall Street
Boston, MA 02108

Brian J. Wanca, Esquire
David M. Oppenheim, Esquire
Anderson & Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Philip A. Bock, Esquire
Bock & Hatch, LLC
134 North LaSalle Street, Suite 1000
Chicago, IL 60602

Christopher M. Reilly, BBO# 674041

708690.1                              065

COMMONWEALTH OF MASSACHUSETTS

ADDISON AUTOMATICS, INC.  a foreign corporation,

Plaintiff(s),

vs.

THE NETHERLANDS INSURANCE COMPANY, EXCELSIOR INSURANCE COMPANY, PRECISION ELECTRONIC GLASS, INC. and PHILIP ROSSI

Defendant(s)

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

SUFFOLK

CIVIL ACTION

NO: 11-4042-B

ANSWER ON BEHALF OF DEFENDANTS, PRECISION ELECTRONIC GLASS, INC., AND PHILIP ROSSI

Precision Electronic Glass, Inc and Philip Rossi (collectively, "Precision") hereby state the following in answer to the Complaint of the plaintiff:

## NATURE OF ACTION

1.    Admitted

2.    Admitted

## PARTIES

3 -9.    Admitted

## UNDERLYING ACTION

10-13   Admitted

## PRECISION'S NETHERLANDS POLICIES

14.    Admitted

15.    No answer required

## COVERAGE FOR CLAIMS IN THE UNDERLYING ACTION

16.    Admitted.

I.    **Property Damage (Including Products-Completed Operations)**

17-37. Admitted

**II.     Personal and Advertising Injury**

38.     Precision repeats and re-alleges its answers to the allegations in paragraphs 20-22.

39-41. Admitted.

**III.    Estoppel**

42-47   Admitted

**WHEREFORE,** Defendants pray that this Court enter an Order:

A.    Declaring that Netherlands has a duty to defend Precision in the Underlying Action;

B.    Declaring an Order that Netherlands is required indemnify and pay any judgment entered therein against Precision;

C.    Awarding Precision its attorneys fees and costs as result of the failure to defend; and

D.    For such other relief as the Court may deem equitable and just.

## COUNT II: BAD FAITH

48-52. Admitted

**WHEREFORE,** Defendants pray that this Court enter an Order:

A.    Declaring that Netherlands has a duty to defend Precision in the Underlying Action;

B.    Declaring an Order that Netherlands is required to indemnify and pay any judgment entered herein against Precision;

C.    Awarding Precision its attorneys fees and costs paid to defend itself in the Underlying Action;

D.    Awarding costs to Precision plus attorney's fees in this action and for such further relief as this Court deems equitable and just.

Respectfully submitted,

PRECISION ELECTRONIC GLASS, INC.,
a New Jersey Corporation

PHILIP ROSSI, a New Jersey Resident, by:

Lane N. Goldberg, BBO# 673045
**Goldberg Law**
15 Cottage Avenue, 4th Floor
Quincy, MA 02169
Tel:  617-328-0006
Fax: 617-328-0007
lane@goldberglawma.com

DATED:          November 14, 2012

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the Answer was presented on the following attorney's of record via first class mail, postage prepaid, on November 14, 2012:

Addison Automatics, Inc.:

Alan L. Cantor, Esq.
10 Marshall Street
Boston, MA 02108

Jeremy M. Cohen, Esq.
10 Federal Street, Suite 12
Salem, MA 01970

Excelsor Insurance Co.:

Myles W. McDonough, Esq.
Christopher M. Reilly, Esq.
3 Center Plaza, 8th Floor
Boston, MA 02108

Netherlands Insurance Co.:

Myles W. McDonough, Esq.
Christopher M. Reilly, Esq.
3 Center Plaza, 8th Floor
Boston, MA 02108

_____
Lane N. Goldberg, Esq.