# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADDISON AUTOMATICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. |
| v. ) | 14-13710-FDS |
| ) | |
| THE NETHERLANDS INSURANCE ) | |
| COMPANY, EXCELSIOR INSURANCE ) | |
| COMPANY, PRECISION ELECTRONIC ) | |
| GLASS, INC., and PHILLIP ROSSI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION TO REMAND (CORRECTED)

**SAYLOR, J.**

This is an action for declaratory judgment, in which plaintiff Addison Automatics, Inc. seeks a declaration that defendant Netherlands Insurance Company has a duty to defend and indemnify defendant Precision Electronic Glass Company in an action pending in the United States District Court for the Northern District of Illinois.

Plaintiff originally brought this action in Suffolk Superior Court. On September 25, 2014, defendants removed the case to this Court. Plaintiff filed a motion to remand the case to state court on October 27, 2014, contending that defendants did not timely remove this action and the action is not a class action. Plaintiff also requested fees and costs.

For the following reasons, the motion to remand will be granted.

I.      **Background**

   A.      **The Parties**

Addison Automatics is an Illinois corporation. (Compl. ¶ 3). Netherlands Insurance Company is a New Hampshire corporation with a principal place of business in Boston, Massachusetts. (*Id.* ¶ 4). Excelsior Insurance Company is a New Hampshire corporation with a principal place of business in Boston, Massachusetts. (*Id.* ¶ 5). Precision Electronic Glass, Inc. is a New Jersey corporation. (*Id.* ¶ 6). Philip Rossi, who is president of Precision, is a citizen of New Jersey. (*Id.* ¶ 7).

   B.      **The Underlying Action**

On August 13, 2010, Addison brought suit against Precision in Illinois state court, seeking relief on behalf of itself and a class of similarly situated plaintiffs. (*Id.* ¶¶ 10-11). In that action, Addison alleged that Precision sent unsolicited junk faxes to Addison and hundreds of others, and asserted claims for violation of the Telephone Consumer Protection Act, common-law conversion, and violation of the Illinois Consumer Fraud Act. (*Id.* ¶ 12). Netherlands was asked to defend Precision in that action, and it refused. (*Id.* ¶¶ 42-43).

That case was removed to the United States District Court for the Northern District of Illinois. On December 14, 2012, the court approved a classwide settlement, and final judgment in the amount of $15,875,500 entered against Precision. (Mot. Remand Ex. 1 ¶ M). Precision was ordered to pay $85,000 for the benefit of the settlement class, and the remaining portion of the judgment was to "be satisfied only through the proceeds of [Precision's] insurance policies." (*Id.*).

### C. Present Action

On November 7, 2011, plaintiff filed the complaint in this action in the Suffolk Superior Court. (State Court R. at 4). The complaint alleges that Netherlands issued annual renewal comprehensive general liability and umbrella insurance policies to Precision. (Compl. ¶ 14). Those policies covered periods between March 12, 2005, and March 12, 2008. (*Id.*). Plaintiff contends that those policies offer coverage for damages resulting from property damage and personal and advertising injury. (Compl. ¶ 16). As a result, plaintiff contends that those policies cover damages in the underlying action for damage caused by unsolicited faxes sent by Precision. (*Id.* ¶ 37). The complaint alleges that Netherlands has refused to defend and indemnify Precision in the underlying action. (*Id.* ¶ 42-43).

On December 23, 2011, while the case was still in state court, Netherlands and Excelsior moved to dismiss the action on grounds of lack of standing and *forum non conveniens*. (Mot. Remand Ex. 2). On June 28, 2012, the Superior Court denied that motion. (*Id.* Ex. 3). On December 7, 2012, Netherlands and Excelsior filed a motion for judgment on the pleadings. (*Id.* Ex. 4). Precision responded and cross-moved for judgment on the pleadings. (*Id.* Ex. 5). On July 23, 2013, the Superior Court issued an order in which it construed those motions as motions for summary judgment and denied them both. (*Id.* Ex. 7).

On April 30, 2014, defendants filed a motion to dismiss pursuant to the decision of the Massachusetts Appeals Court in *Ari Weitzner MD PC v. Cynosure, Inc.*, 85 Mass. App. Ct. 77 (2014). (*Id.* Ex. 8). Defendants relied on the recent Seventh Circuit decision in *Addison Automatics, Inc. v. Hartford Cas. Ins. Co.*, 731 F.3d 740 (7th Cir. 2013) as evidence that

Addison was serving as a class representative. (Mot. Remand Ex. 8 at 7).[1] On August 26, 2014, the Superior Court denied that motion with the following order: "After review and hearing, this motion is denied. *See generally Hazel's Cup and Saucer, LLC v. Around the Globe Travel, Inc.*, decided since the hearing on this motion." (*Id.* Ex. 10).[2]

On September 25, 2014, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, Netherlands and Excelsior removed the case to this Court. According to the notice of removal, "[a]lthough the complaint in the Massachusetts Coverage Action is styled as an individual action, a recent ruling by the [c]ourt confirms that it is, in fact, a class action under Mass. R. Civ. P. 23." (Notice of Removal ¶ 3). Netherlands pointed to the August 26, 2014 state-court order as the date when it first ascertained that the case is one that may be removed under the Class Action Fairness Act, 28 U.S.C. § 1332(d). (*Id.* ¶¶ 3-5). On October 27, 2014, plaintiff moved to remand the case to state court, contending that defendants did not timely remove this action and the action is not a class action.

## II. Analysis

### A. Motion to Remand

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

---

[1] The circumstances surrounding the case in *Hartford* are very similar to those in the present action. There, Addison brought suit in state court seeking a declaratory judgment that "defendant Hartford Casualty Insurance Company owed a duty to defend and indemnify a third party against whom Addison had earlier brought and settled a class action on terms that included an assignment to the class of the third party's rights against its insurers." 731 F.3d at 741. The Seventh Circuit determined that although "Addison's complaint stated that it intended to proceed solely in its individual capacity rather than on behalf of the previously certified class . . . [,] it has standing to pursue relief against Hartford only as class representative." *Id.* Therefore, the Seventh Circuit determined that removal of Addison's complaint to federal court was proper. *Id.*

[2] In *Hazel*, the Massachusetts Appeals Court reversed the denial of class certification in a Telephone Consumer Protection Act case with a Massachusetts-only class. 86 Mass. App. Ct. 164, 167 (2014).

4

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." This Court has jurisdiction, if at all, pursuant to the Class Action Fairness Act, which provides that a class action may be removed to federal court if certain jurisdictional requirements are satisfied. 28 U.S.C. § 1332(d); 28 U.S.C. § 1453 (removal of class actions). For present purposes, there are three such requirements: (1) diversity of citizenship, (2) a proposed class of 100 members or more, and (3) an amount-in-controversy of more than $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d).

In addition to the jurisdictional requirements, the notice of removal must follow the procedures set forth in 28 U.S.C. § 1446. Among other things, the notice of removal must be timely. 28 U.S.C. § 1446(b). Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant . . . ." Pursuant to 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable." "Section 1446(b)'s thirty-day clocks are triggered only when the *plaintiff's* complaint or *plaintiff's* subsequent paper provides the defendant with sufficient information to easily determine that the matter is removable." *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 72 (1st Cir. 2014).

Plaintiff has moved to remand this case to state court on the grounds that it is not a class

5

action, and, in any event, it was not timely removed. Defendants oppose the motion to remand, contending that because plaintiff's initial pleading (the complaint) was not filed under Mass. R. Civ. P. 23 as a class action, they "first ascertained" that the case was removable on August 26, 2014, upon receiving a copy of the Superior Court's order. Plaintiff contends that defendants had the necessary information to support its argument for removal (1) at the time this action was filed, (2) at the time judgment entered in the underlying class action in December 2012, or (3) at the latest, by the time defendants moved to dismiss this case for being an improperly filed class action.

Defendants contend that the filing of the complaint did not start the removal clock. In the complaint, plaintiff specifically requested relief "individually and as the representative of a class of similarly-situated persons." (Compl. 7). Although Addison did not specifically mention Rule 23 or file the complaint as a class action, that initial filing provided defendants with information from which it could ascertain the basis on which it contends this case is removable. The complaint attached and referred to the complaint in the underlying litigation, which was a class action. From that information, defendants could determine that diversity exists between Addison and defendants and that Addison was seeking relief not just for itself, but also as a representative of a class of similarly situated persons. The initial civil action cover sheet also provided defendants with the notice of the basis for their notice of removal. (Defs.' Opp. Mot. Remand Ex. 6). In the cover sheet, plaintiff described the case as "a declaratory judgment action relating to insurance coverage. In the underlying case, [p]laintiff has filed a putative class action under the Telephone Consumer Protection Act. Plaintiff believes it *and at least 39 others* are entitled to the statutory liquidated damages of $1,500 which [p]laintiff seeks individually *and for each*

6

*TCPA violation.*" (*Id.* (emphasis added)). Defendants could therefore determine that plaintiff was seeking relief not only as an individual, but also as a representative of a class.

The only element for removal that was possibly missing at the time of the initial complaint was the amount in controversy. In the civil cover sheet, the amount was alleged to be "60,000.00+." However, even if the removal clock did not start with the initial pleading, the clock started by January 2013 when the underlying judgment was included in briefing filed before the Superior Court. At that time, defendants had all the information necessary to ascertain the basis for removal. The underlying judgment made it clear that the amount in controversy was more than $15 million, and confirmed the members of the class that were owed that amount.

Even if those filings did not provide defendants with enough information to ascertain the basis for removal, their knowledge of the *Hartford* decision certainly did. As defendants themselves contend in their briefing, the *Hartford* decision is "on facts and circumstances on all fours with this case . . . ." (Opposition Mot. Remand 2). In *Hartford*, 731 F.3d at 741, the Seventh Circuit determined that although "Addison's complaint stated that it intended to proceed solely in its individual capacity rather than on behalf of the previously certified class . . . [,] it has standing to pursue relief against Hartford only as class representative."[3] The court found that

---

[3] Defendants contend that plaintiff tried "to veil the direct applicability of the Seventh Circuit decision here, by repeatedly referring to the *Addison* decision as, instead, the *Hartford Casualty* decision, contrary to standard Blue Book citation form." (Opposition Mot. Remand 3 n.1). That is not true. According to *The Bluebook* rule 10.9, "[u]se of only one party's name . . . in a short form citation is permissible if the reference is unambiguous." *The Bluebook* does not specify whether the name needs to be that of plaintiff or defendant. Furthermore, where, as here, this action and the underlying action both have Addison as a plaintiff, it would be confusing to refer to the Seventh Circuit decision as the *Addison* decision. As *The Bluebook* says, "[w]hen using only one party name in a short form citation, avoid using the name of a . . . common litigant." *The Bluebook* Rule 10.9. At least with respect to this case, Addison is a common litigant. Therefore, defendants' reference to the Seventh Circuit decision as the *Hartford Casualty* decision is not "contrary to standard Blue Book citation form."

7

removal of Addison's complaint to federal court was proper. *Id.* Defendants therefore could ascertain the basis for removal at the latest by the time they filed their motion to dismiss based on the *Hartford* decision.

In defendants' motion to dismiss, filed in the Superior Court on April 30, 2014, they sought dismissal on the basis that "the putative class claim fails as a matter of law." (Mot. Remand Ex. 8 at 3). Defendants cited the *Hartford* decision as evidence that plaintiff only had standing as a class representative. (*Id.* at 4). They therefore had necessarily ascertained the basis for their removal of the action. Rather than remove the action, defendants attempted to dismiss it.

Now that defendants' motion to dismiss has been denied, defendants seek to remove the action, contending that because plaintiff has consistently "insisted that Rule 23 was inapplicable to its case," the Superior Court's August 26, 2014 order is the first paper that identified this case as a class action that may be removed. No subsequent papers filed by plaintiff identify this action as a class action. In fact, plaintiff continues to insist that this is not a class action, so in that respect nothing has changed. The one-sentence Superior Court opinion cites *Hazel Cup & Saucer, LLC v. Around the Globe Travel, Inc.*, 86 Mass. App. Ct. 164. Although that citation does seem to indicate that Rule 23 is applicable to this case, it is not apparent to the Court why defendants could not have easily ascertained that fact from the complaint, the underlying class action judgment, or the *Hartford* decision. In fact, defendants identified the Superior Court's order as one that "*confirms* that [this case] is, in fact, a class action . . . ." (Notice Removal ¶ 3). Furthermore, defendants' motion to dismiss was based on the contention that plaintiff did not comply with Mass. R. Civ. P. 23 because plaintiff's proposed class was not limited to

8

Massachusetts residents. Defendants decided to pursue their motion to dismiss prior to removing. Now that their strategy has not succeeded, they seek to rely on the one-sentence order to toll the clock for removal. Plaintiff's papers have remained consistent and nothing in the Superior Court's one sentence order provided "sufficient information" by which defendants could "easily determine [for the first time] that the matter is removable." *Romulus*, 770 F.3d at 72.

Accordingly, plaintiff's motion to remand will be granted.

### B.     **Request for Costs and Fees**

Plaintiff requested that the Court allow for an award of attorney's fees to plaintiff upon remand. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." It is clearly established that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Plaintiff contends that defendants lacked an objectively reasonable basis for removal here. The Court disagrees. Accordingly, plaintiff will not be awarded attorney's fees.

### V.     **Conclusion**

For the foregoing reasons, plaintiff's motion to remand is GRANTED.

**So Ordered**

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
Dated: February 4, 2015                                    United States District Judge